Argued March 5, decided March 19, 1912.

## FREEMAN v. ALEXANDER.

[121 Pac. 961.]

DEEDS—DELIVERY—POSSESSION BY GRANTEE.

Pending negotiations for an exchange of property, plaintiff executed a deed to defendants, leaving the same with a broker, which deed was not to be delivered until plaintiff had examined land on which he was to receive a mortgage, and had had an attorney examine the title. The grantee, however, obtained possession of the deed and had it recorded. Held, that the grantee's possession did not amount to a delivery of the deed, and that plaintiff, on discovering that the property had been misrepresented, was entitled to have the deed set aside and the record canceled.

From Clackamas: JAMES U. CAMPBELL, Judge.

This is a suit by Wilton L. Freeman against J. T. Alexander and Frank T. Berry, for the cancellation of a deed. There was a· decree in favor of plaintiff, from which the defendants appeal.                 AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Oglesby Young.*

For respondent there was a brief and an oral argument by *Mr. Enoch B. Dufur.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit in effect to remove a cloud from the title to real estate, namely, for the cancellation of a deed. On November 22, 1910, plaintiff owned the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 6, township 6 S., range 2 E., W. M., in Clackamas County, Oregon, and desired to sell the same for cash, or to exchange it for a rooming house in Portland. Through Peper & Baker, real estate agents, he was considering a proposition from these defendants, who are dealers in real estate, to exchange his land for two notes of $500 each, given by Kaae, each secured by mortgage on a separate 10-acre tract of land, and a note secured by mortgage on his land for the balance of the price. Pending the negotiations, a deed from plaintiff to defendants was drawn and executed, and the two Kaae notes and mortgages were also executed; but before delivery thereof plaintiff desired to see the land described in the mortgage, and also desired to have his lawyer examine the abstract of title.

Plaintiff contends that he ascertained that the land is about 15 miles from Glencoe, the nearest point on a railroad; that it is unimproved, covered· with brush, inaccessible by wagon road, and not worth more than $10 per acre. The circuit court found that, immediately upon the execution of the deed by

plaintiff, defendant obtained possession thereof, without plaintiff's consent, and placed it upon record in Clackamas County; that the deed was not delivered; and a decree was rendered canceling the same, and the record thereof is held for naught. No legal principles are involved on this appeal, only questions of fact, and no good purpose can be served by incumbering this opinion with a review of the evidence. Suffice it to say that we have carefully read it, and find that it fully sustains the decree of the trial court; that the deed was not delivered, and defendants, had no right to possession thereof, nor authority to have it recorded.

The decree is affirmed.                                    AFFIRMED.